## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **NINA BENNETT,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v | ) |
| | ) CIVIL ACTION CASE NUMBER: |
| | ) |
| **DECATUR GENERAL HOSPITAL,** | ) |
| **APOLLOMD PHYSICIAN SERVICES AL LLC** | ) |
| **dba EMERGENCY MEDICAL MANAGMENT,** | ) |
| **and DR. HENRY GAILLARD,** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S ORIGINAL COMPLAINT

### A. PARTIES

1. Plaintiff, Nina Bennett, is an individual that is a citizen of the State of Alabama.

2. Defendant, Decatur General Hospital, is a not for profit business that has it's principal place of business in the State of Alabama. Defendant does not have a registered agent for service of process in the State of Alabama. Service of process on Defendant may be made by serving its representative James Hahn at 1201 7th St. SE Decatur, AL 35601.

2. Defendant, Apollomd Physician Services AL LLC dba Emergency Medical Management "Apollomd Physician Services AL LLC" is a Corporation that is incorporated under the laws of the State of Georgia. Defendant has it's principal place of business in the State of Georgia. Defendant may be served with process by serving the Director of Human Resources at 1810 Catala Rd. Birmingham, AL 35216 and their agent for service in Georgia Independent Physicians Resource and Christopher Durham 5665 New Northside Dr. Suite 320 Atlanta, GA 30328.

2. Defendant, Dr. Henry Gaillard, is an individual who is a citizen of the State of Alabama, may be served with process at 2222 Governors Bend Rd. SE Huntsville, AL 35801.

### B. JURISDICTION

3. The Court has jurisdiction over the lawsuit under Title VII 42 U.S.C. Section 2000.

### C. EXHAUSTION OF ADMINISTRATIVE PROCEDURES

4. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendants. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint. A copy of this notice of the right to sue is attached as Exhibit "A".

### D. COUNT 1-SEXUAL HARASSMENT UNDER TITLE VII

5. Plaintiff is a female employee protected under Title VII. (42 U.S.C. Section 2000e(f)).

6. Defendants Decatur General Hospital and Apollomd Physician Services AL LLC are employers within the meaning of Title VII. Dr. Henry Gaillard was employed by Decatur General Hospital and still is employed by Apollomd Physician Services AL LLC as an Emergency Room Doctor with the authority to discipline nurses and suggest firing. (42 U.S.C. Section 2000e(b)).

7. Defendants intentionally discriminated against Plaintiff in violation of Title VII by creating a sexually hostile work environment. Decatur General Hospital and Apollomd Physician Services AL LLC unreasonably interfered with Plaintiff's work performance. Specifically, Decatur General Hospital and Apollomd Physician Services AL LLC allowed this hostile work environment to remain for about 1 year before taking any action to remedy the situation despite numerous complaints by Plaintiff. Defendant Decatur General tried to put Plaintiff on administrative leave at lower pay. Defendant Apollomd Physician Services AL LLC, who supplies emergency room doctors to many hospitals, did nothing to discipline Defendant Dr. Henry Gaillard during this time. During this time Defendant Dr. Henry Gaillard brought candy to Plaintiff at work, tried to follow Plaintiff into the bathroom invading her privacy, has touched Plaintiff inappropriately, and made inappropriate comments to Plaintiff on an almost daily basis.

### E. DAMAGES

8. As a direct and proximate result of defendant's conduct, Plaintiff suffered the following injuries and damages:

a. Plaintiff suffered mental anguish and emotional distress in the form of: loss of sleep; dreading work; loss of quality time with her daughter; lack of confidence in her employer; and has been so emotionally distraught that she has cried at work and at home.

### F. ATTORNEY FEES

12. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. Section 2000e-5(k).

### G. COUNT 2-ASSAULT AND BATTERY UNDER ALABAMA LAW

13. Defendant Dr. Henry Gailllard in Morgan County, Alabama assaulted and battered Plaintiff by touching Plaintiff in a personal place while working at Decatur General Hospital. Defendant Gaillard also tried to force his way into a bathroom with Plaintiff causing her to have to block him out..

14. As a proximate result of Defendant's said assault and battery Plaintiff suffered emotional distress to the point of dreading work; loss of quality time with her daughter; lack of confidence in her employer; crying at home and at work; and loss of sleep.

15. Plaintiff claims punitive damages of the Defendant because of the willful and malicious nature of the Defendant's acts.

### H. COUNT 3-INVASION OF PRIVACY

16.  Over the course of the year 2005-2006, Defendant Dr. Henry Gaillard touched and tried to force his way into a bathroom with Plaintiff which invaded her privacy.

17. As a proximate result of Defendant's said invasion of privacy Plaintiff suffered emotional distress to the point of dreading work; loss of quality time with her daughter; lack of confidence in her employer; crying at home and at work and loss of sleep.

### I.. COUNT 4-OUTRAGE

18.  Defendant Dr. Henry Gaillard intentionally or recklessly caused emotional distress to the Plaintiff by touching Plaintiff inappropriately, creating a hostile work environment for Plaintiff by making inappropriate sexual remarks to her at work over the course of a year after being told numerous times not to make these advances and remarks, and invading Plaintiff's privacy.

19. Defendants Decatur General and Apollomd Physician Services AL LLC also caused emotional distress to Plaintiff by allowing this behavior to continue unchecked for the period of a year. In fact, Defendant Decatur General actually tried  to place  Plaintiff on administrative leave at lower pay.

19. Defendant's actions were so outrageous in nature and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

20. The emotional distress that Defendant's caused Plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

21 The Plaintiff claims punitive damages of the Defendants.

### J. PRAYER

22. For these reasons, Plaintiff asks for judgment against Defendants for the following:

a. Actual and punitive damages of $1,000,000.00.

b. An award of attorney fees and costs.

c. All other relief the Court deems appropriate.

Respectfully Submitted,

By:_____
Buddie R. Brown, Jr. (Buzz Brown)
BRO-185 ASB-8959-N50B
P.O. Box 1747
Decatur, AL 35602
Tel: 256-355-9517
Fax: 256-355-2207

OF COUNSEL
Brent A. King Law Firm

ATTORNEY IN CHARGE FOR
Plaintiff: Nina Bennett

W:\LITIGATION\nina bennett\originalcomplaint.wpd